# EXHIBIT A

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**NOTICE OF ENTRY OF
JUDGMENT WITHOUT OPINION**

JUDGMENT ENTERED: 03/15/2016

The judgment of the court in your case was entered today pursuant to Rule 36. This Court affirmed the judgment or decision that was appealed. None of the relief sought in the appeal was granted. No opinion accompanied the judgment. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the appellant in favor of the appellee under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

15-1895 - Baker Hughes, Inc. v. Nalco Company
United States Patent and Trademark Office, Case No. 95/000,524, 95/001,399

App_002

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BAKER HUGHES, INC.,**
*Appellant*

v.

**NALCO COMPANY,**
*Appellee*

_____

2015-1895

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 95/000,524, 95/001,399.

_____

**JUDGMENT**

_____

CHRISTOPHER AARON SHIELD, Bracewell & Giuliani, LLP, Houston, TX, argued for appellant. Also represented by JONATHAN R. SPIVEY.

JAMES W. PORADEK, Faegre Baker Daniels LLP, Minneapolis, MN, argued for appellee. Also represented by EDMOND AHADOME, LAUREN J. FRANK, TIMOTHY E. GRIMSRUD; ROBERT J. BARZ, DEVON C. BEANE, JASON ALEXANDER ENGEL, K&L Gates LLP, Chicago, IL.

_____

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

PER CURIAM (REYNA, WALLACH, and STOLL, *Circuit Judges*).

**AFFIRMED.  *See* Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT

March 15, 2016                          /s/ Daniel E. O'Toole
       Date                             Daniel E. O'Toole
                                        Clerk of Court

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

# INFORMATION SHEET

# FILING A PETITION FOR A WRIT OF CERTIORARI

There is no automatic right of appeal to the Supreme Court of the United States from judgments of the Federal Circuit. You must file a petition for a writ of certiorari which the Supreme Court will grant only when there are compelling reasons. (See Rule 10 of the Rules of the Supreme Court of the United States, hereinafter called Rules.)

**Time.** The petition must be filed in the Supreme Court of the United States within 90 days of the entry of judgment in this Court or within 90 days of the denial of a timely petition for rehearing. The judgment is entered on the day the Federal Circuit issues a final decision in your case. [The time does not run from the issuance of the mandate, which has no effect on the right to petition.] (See Rule 13 of the Rules.)

**Fees.** Either the $300 docketing fee or a motion for leave to proceed in forma pauperis with an affidavit in support thereof must accompany the petition. (See Rules 38 and 39.)

**Authorized Filer.** The petition must be filed by a member of the bar of the Supreme Court of the United States or by the petitioner representing himself or herself.

**Format of a Petition.** The Rules are very specific about the order of the required information and should be consulted before you start drafting your petition. (See Rule 14.) Rules 33 and 34 should be consulted regarding type size and font, paper size, paper weight, margins, page limits, cover, etc.

**Number of Copies.** Forty copies of a petition must be filed unless the petitioner is proceeding in forma pauperis, in which case an original and ten copies of the petition for writ of certiorari and of the motion for leave to proceed in forma pauperis. (See Rule 12.)

**Where to File.** You must file your documents at the Supreme Court.

**Clerk**
**Supreme Court of the United States**
**1 First Street, NE**
**Washington, DC 20543**
**(202) 479-3000**

No documents are filed at the Federal Circuit and the Federal Circuit provides no information to the Supreme Court unless the Supreme Court asks for the information.

**Access to the Rules.** The current rules can be found in Title 28 of the United States Code Annotated and other legal publications available in many public libraries.

Revised December 16, 1999

App_005

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

*Questions and Answers*

**Petitions for Rehearing (Fed. Cir. R. 40)
and
Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

*Q. When is a petition for rehearing appropriate?*

A. Petitions for rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for rehearing is not appropriate. A petition for rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

   Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for rehearing to be appropriate. Counsel seeking rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

*Q. When is a petition for hearing or rehearing en banc appropriate?*

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merit panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a suggestion for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow identifiable decisions of the U.S. Supreme Court or Federal Circuit precedential opinions or that the merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

*Q. How frequently are petitions for rehearing granted by merits panels or petitions for rehearing en banc accepted by the court?*

A. The data regarding petitions for rehearing since 1982 shows that merits panels granted some relief in only three percent of the more than 1900 petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions were accepted less frequently, in only 16 of more than 1100 requests. Historically, the court itself initiated en banc review in more than half (21 of 37) of the very few appeals decided en banc since 1982. This sua sponte, en banc review is a by-product of the court's practice of circulating every precedential panel decision to all the judges of the Federal Circuit before it is published. No count is kept of sua sponte, en banc polls that fail to carry enough judges, but one of the reasons that virtually all of the more than 1100 petitions made by the parties since 1982 have been declined is that the court itself has already implicitly approved the precedential opinions before they are filed by the merits panel.

*Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?*

A. No. All that is needed is a final judgment of the Court of Appeals. As a matter of interest, very few petitions for certiorari from Federal Circuit decisions are granted. Since 1982, the U.S. Supreme Court has granted certiorari in only 31 appeals heard in the Federal Circuit. Almost 1000 petitions for certiorari have been filed in that period.

July 21, 2008

App_006